```
 1              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF VIRGINIA
 2                 Charlottesville Division

 3   United States of America,        Criminal No. 3:16cr00018

 4
                    Plaintiff,
 5
             vs.                      Charlottesville, Virginia
 6
     AHMED THAMER DARWEESH AL-ANI,
 7                                    3:04 p.m.
                    Defendant.        October 20, 2016
 8

 9              TRANSCRIPT OF GUILTY PLEA HEARING
               BEFORE THE HONORABLE JOEL HOPPE
10                UNITED STATES MAGISTRATE JUDGE

11   APPEARANCES:

12   For the United States:     CHRISTOPHER KAVANAUGH
                                U.S. Attorney's Office
13                              255 W. Main St.
                                Room 130
14                              Charlottesville VA 22902

15   For the Defendant:         ANDREA S. LANTZ HARRIS
                                Federal Public Defender's Offc.
16                              401 E. Market St.
                                Suite 106
17                              Charlottesville VA 22902

18   Court Reporter:            Sonia Ferris, RPR, OCR
                                U.S. Court Reporter
19                              116 N. Main St.  Room 314
                                Harrisonburg, VA 22802
20                              540.434.3181.  Ext. 7

21

22

23

24
     Proceedings recorded by mechanical stenography; transcript
25   produced by computer.
```

1    (Proceedings called to order.)

2    (Interpreter sworn.)

3            THE COURT:  Good afternoon.

4            Will the clerk please call the case?

5            THE CLERK:  Yes, Your Honor.

6            This is Criminal Action 3:16cr18, United States of

7    America vs. Ahmed Al-Ani, defendant number one.

8            THE COURT:  Is the government ready to proceed?

9            MR. KAVANAUGH:  Yes, Your Honor.

10           THE COURT:  Is the defendant ready to proceed?

11           MS. HARRIS: Yes, Your Honor.

12           THE COURT:  I understand that we are here for a

13   waiver of indictment and guilty plea hearing; is that

14   correct?

15           MS. HARRIS:  Yes.

16           MR. KAVANAUGH:  That is correct, Your Honor.

17           THE COURT:  Mr. Al-Ani, first I want to address the

18   waiver of indictment.  I'm going to need to ask you some

19   questions and your answers have to be under oath.  So if you

20   would, please stand and raise your right hand.

21           (Counsel conferred with defendant.)

22           (Defendant sworn.)

23           THE DEFENDANT:  Yes.

24           THE COURT:  You may be seated.

25           Mr. Al-Ani, what is your full name?

1          THE DEFENDANT:  Ahmed Thamer Darweesh Al-Ani.

2          THE COURT:  How old are you?

3          THE DEFENDANT:  51, 52 years.

4          THE COURT:  How far did you go in school?

5          THE DEFENDANT:  I have Master.

6          THE COURT:  Ms. Harris is your lawyer.

7          THE DEFENDANT:  I am a lawyer.  My paper with her.

8          MS. HARRIS: I have his documents showing that he

9     completed law school, from Iraq.

10          THE COURT:  Thank you.

11          Mr. Al-Ani, what sort of jobs or employment have you

12     had?

13          THE DEFENDANT:  In Baghdad or here?

14          THE COURT:  Say, in the last ten years.

15          THE DEFENDANT:  I worked with American forces and I

16     was also working for the federal criminal court in Baghdad.

17     And I have my license, which is I'm a criminal lawyer.

18          THE COURT:  Are you able to speak and understand

19     English?

20          THE DEFENDANT:  Very little.

21          THE COURT:  Are you currently or have you recently

22     been under the care of a doctor or psychologist or

23     psychiatrist for any mental health condition?

24          THE DEFENDANT:  No.

25          THE COURT:  Have you taken any drugs, medicine or

1  pills or had any alcohol to drink in the last 24 hours?

2          THE DEFENDANT:  No.

3          THE COURT:  Of course, you're here with your

4  attorney, Ms. Harris; is that correct?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Mr. Al-Ani, have you received a copy of

7  the proposed superseding information?

8          THE DEFENDANT:  Mr. Judge, please. I have a question.

9          THE COURT:  You might want to ask your attorney

10  first.

11          (The defendant conferred with counsel.)

12          THE DEFENDANT:  Mr. Judge, this is yes or no.

13          THE COURT:  Talk through your attorney, Mr. Al-Ani.

14          (Counsel conferred with defendant.)

15          Mr. Al-Ani, have you received a copy of the

16  superseding information in this case?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Do you have a copy of it there at your

19  table?

20          THE DEFENDANT:  Yes.

21          THE COURT:  I'm going to go over it with you and I'll

22  ask you if you understand what you're charged with or what it

23  charges you with.

24          THE DEFENDANT:  Just one charge.

25          THE COURT:  Right; one charge.

1          Mr. Al-Ani, the superseding information charges that

2    on January 21 of 2016, that you did knowingly encourage and

3    induce an alien to come to the United States, and that that

4    was in knowing or reckless disregard that that person coming

5    to the United States would be in violation of the law.

6          Do you understand what the superseding information

7    charges you with? Do you understand what it says?

8          (The defendant conferred with counsel.)

9          MS. HARRIS: May we have a moment?

10         THE COURT:  Yeah.

11         (Counsel conferred with the defendant.)

12         THE DEFENDANT:  Yes.

13         THE COURT:  You understand what the charge says you

14   did?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Mr. Kavanaugh, what's the penalty that

17   Mr. Al-Ani faces if he's convicted of this charge?

18         MR. KAVANAUGH: Your Honor, the maximum penalty, the

19   most that he could receive, would be a term of imprisonment

20   of five years, and a fine of $250,000.

21         THE COURT:  There would be up to three years of

22   supervised release and also, a $100 special assessment?

23         MR. KAVANAUGH:  Yes, Your Honor.  There would be the

24   $100 special assessment.  However, given the defendant's

25   deportation status, I believe that the parties are in

```
 1    agreement that supervised release would not be applicable
 2    here.  But yes, he would face up to an additional three years
 3    of supervised release.
 4         MS. HARRIS:   May I have one more moment?
 5         THE COURT:  Yes.
 6         (Counsel conferred with the defendant.)
 7         MS. HARRIS: Thank you.
 8         THE COURT:  Mr. Al-Ani, do you understand the
 9    potential penalties that you face if you're convicted of this
10    charge?
11         THE DEFENDANT:  0 to 6 months.
12         THE COURT:  Did you hear what the prosecutor said the
13    maximum penalty that's allowed by the law is?
14         THE DEFENDANT:  Yes.
15         THE COURT:  The statute under which you are being
16    charged in this information, the maximum penalty allowed by
17    the law is up to five years imprisonment; a fine of up to
18    $250,000; a period of supervision of up to three years.  That
19    would be after any term of imprisonment.  And a $100 special
20    assessment.
21         Do you understand that that is the maximum sentence
22    that's allowed by law; not necessarily the sentence that
23    you're going to get in this case, but that's the maximum that
24    could possibly be imposed if you're convicted of this charge?
25         Do you understand that?
```

1        THE DEFENDANT:  Sure.

2        THE COURT:  Now, Mr. Al-Ani, the charge in the

3   superseding information is a felony and if you're convicted

4   of it, you could lose valuable civil rights --

5        THE DEFENDANT:  Uh-huh.

6        THE COURT:  -- such as the right to vote or to serve

7   on a jury or hold public office or possess a firearm.

8        THE DEFENDANT:  Yes.

9        THE COURT:  Do you understand that if you're

10  convicted of this offense, you would lose those rights and

11  that the offense is a felony offense?

12        THE DEFENDANT:  Uh-huh, yes.

13        THE COURT:  Do you understand that?

14        THE DEFENDANT:  Yes.

15        MS. HARRIS: You have to answer out loud.

16        THE DEFENDANT:  Yes.

17        THE COURT:  Mr. Al-Ani, please listen to the

18  following advice.  This applies because you're proposing to

19  waive indictment.

20        You have a constitutional right to be charged by an

21  indictment of a grand jury, but you can waive that right and

22  consent to being charged by information of the United States

23  Attorney.  Now, instead of an indictment, the felony charge

24  against you has been brought by the United States Attorney by

25  the filing of an information.  Now, unless you waive

1    indictment, you may not be charged with a felony unless a

2    grand jury finds by return of an indictment that there is

3    probable cause to believe that a crime has been committed and

4    that you committed it.

5         Now, if you do not waive indictment, the government

6    may present the case to a grand jury and ask it to indict

7    you.

8         THE DEFENDANT:  Yes.

9         THE COURT:  A grand jury is composed of at least 16,

10   but not more than 23 persons.  At least 12 grand jurors must

11   find that there is probable cause to believe that you

12   committed the crime with which you are charged before you can

13   be indicted. A grand jury may or may not indict you, but if

14   you waive indictment by the grand jury, the case will proceed

15   against you on the United States Attorney's information, just

16   as though you had been indicted.

17        Have you discussed waiving your right to indictment

18   with your attorney Ms. Harris?

19        THE DEFENDANT:  Uh-huh, yes.

20        THE COURT:  Do you understand your right to

21   indictment by a grand jury?

22        THE DEFENDANT:  Yes.

23        THE COURT:  Have any threats or promises been made to

24   you to get you to waive indictment by the grand jury?

25        THE DEFENDANT:  Yes.  Counsel --

1          (Counsel conferred with the defendant.)

2          THE COURT:  The question is, has anyone promised you

3 anything to get you to waive indictment by a grand jury?

4          THE DEFENDANT:  What? Like what?

5          THE COURT:  Anything; any promise.  Has any promise

6 been made?

7          THE DEFENDANT: This.

8          MS. HARRIS:  Your Honor, I think maybe some

9 confusion is in return for this plea to the information, in

10 the plea agreement, the government is agreeing to dismiss the

11 pending indictment.  Other than that promise, there would be

12 no other promises. Maybe that could help clarify.

13          THE COURT:  So Mr. Al-Ani, you've signed a plea

14 agreement in the case, is that right, on this superseding

15 information?

16          THE DEFENDANT:  Uh-huh.

17          THE COURT:  So anything, any promises other than

18 those made in the plea agreement -- has anyone promised you

19 anything other than what's in the plea agreement to get you

20 to waive your right to indictment?

21          THE DEFENDANT:  Just dropping the second charge.

22          THE COURT:  Dropping the charge in the indictment.

23 You're currently facing a charge in an indictment.

24          THE DEFENDANT:  They're saying this charge contains

25 actually two charges in one.

1       THE COURT:  Well, I think you were charged in an

2   indictment with a single charge.

3       Is that right, Ms. Harris?

4       MS. HARRIS: That's correct.

5       THE COURT:  Now the Government is proposing to charge

6   you by this superseding information.

7       Do you understand that?

8       THE DEFENDANT:  The other one has been withdrawn?

9       THE COURT:  Just so I understand, what you're saying

10  is that it's your understanding that there is -- a promise

11  has been made that the charge in the indictment will be

12  dismissed if you agree to be charged by the superseding

13  information.

14      THE DEFENDANT:  If the other charge would be dropped.

15      THE COURT:  So that's a promise that you understand

16  has been made.

17      THE DEFENDANT:  Yes.

18      THE COURT:  Mr. Kavanaugh, any concerns about that?

19  Is that accurate?

20      MR. KAVANAUGH:  No; that's accurate.

21      THE COURT:  Mr. Al-Ani, thank you.

22      Have any other promises been made to you to get you

23  to waive your right to indictment?

24      THE DEFENDANT: No.

25      THE COURT:  Have any threats been made or has anyone

1    tried to force you to waive your right to indictment?

2              THE DEFENDANT:  No.

3              THE COURT:  Do you wish to waive your right to

4    indictment by a grand jury?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Ms. Harris, do you think that Mr.

7    Al-Ani's proposed waiver of indictment is well-advised?

8              MS. HARRIS: Yes.

9              THE COURT:  Mr. Al-Ani, I have a waiver of indictment

10   form that I'm going to read to you and I'll ask the

11   interpreter to interpret it.

12             This waiver form says:  I understand that I have been

13   accused of one or more offenses punishable by imprisonment

14   for more than one year.  I was advised in open court of my

15   rights and the nature of the proposed charges against me.

16   After receiving this advice, I waive my right to prosecution

17   by indictment and consent to prosecution by information.

18             Is that your desire?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Then here's the waiver form.

21             (Said waiver executed.)

22             (The defendant conferred with counsel.)

23             I've received the waiver form.  That will be entered

24   into the record.

25             Mr. Al-Ani, I remind you that you are under oath.

1          THE DEFENDANT:  Yes.

2          THE COURT:  And I'm going to ask you some questions

3     to ensure that your proposed guilty plea is valid. If you do

4     not answer my questions truthfully, your answers may later be

5     used against you in another prosecution for perjury or for

6     making false statements.

7          THE DEFENDANT:  Okay.

8          THE COURT:  All right.

9          Mr. Al-Ani, you do have the right to have a United

10    States district court judge conduct your guilty plea hearing.

11         THE DEFENDANT:  Yes.

12         THE COURT:  You can waive that right and have a

13    United States magistrate judge, which is what I am, conduct

14    the hearing.

15         THE DEFENDANT:  Yes.

16         THE COURT:  Do you understand that right?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Have you discussed it with your attorney?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Do you wish to waive your right to have a

21    district court judge conduct the guilty plea hearing?

22         THE DEFENDANT: Okay.

23         THE COURT:  Mr. Al-Ani, I have a waiver form and

24    here's what it says:  The defendant hereby waives conduct of

25    a Rule 11 hearing before the assigned United States district

judge and consents to the conduct of a hearing by a United

States magistrate judge, pursuant to 28 U.S.C. Section

636(b)(3).

(Said waiver executed.)

I have the waiver form that will also be filed.

Mr. Al-Ani, before I could accept or recommend

accepting your guilty plea, there are a number of questions

that I have to ask you to ensure that it is a valid plea. If

at any time you don't understand any of my questions or if

you wish to consult with your attorney, please say so because

it's important that you fully understand my questions and

this hearing.

THE DEFENDANT:  Okay.

THE COURT:  Mr. Al-Ani, I've already asked you a

number of questions about any medicine that you've taken and

any past treatment for mental health.  Do you have any change

to your answers to those questions?

THE DEFENDANT:  No change.

THE COURT:  What's the state of your health today?

How do you feel?

THE DEFENDANT:  Okay.

THE COURT:  Ms. Harris, do you have any concerns

about Mr. Al-Ani's competence to plead at this time?

MS. HARRIS: No, Your Honor.

THE COURT:  Mr. Al-Ani, have you received a copy of

1    the superseding information in this case, that is, the charge

2    against you?

3            THE DEFENDANT:  Yes.

4            THE COURT:  Have you had an adequate opportunity to

5    talk to Ms. Harris about that charge and your case in

6    general?

7            THE DEFENDANT:  Yes.

8            THE COURT:  That's a yes?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Are you fully satisfied with her

11   representation of you?

12           THE DEFENDANT:  Yes.

13           THE COURT:  Ms. Harris, were all formal plea offers

14   conveyed to Mr. Al-Ani?

15           MS. HARRIS: Yes.

16           THE COURT:  Do you have a copy of the plea agreement

17   at counsel table?

18           MS. HARRIS: Yes, I have the original.

19           THE COURT:  Mr. Al-Ani, did you sign the plea

20   agreement and initial each page?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Was the plea agreement read to you or did

23   you read it yourself?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Was it translated for you and read to

1  you?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Did you discuss the plea agreement with

4  Ms. Harris?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand the terms of the plea

7  agreement?

8          THE DEFENDANT:  Yes.

9          THE COURT:  You understand the terms of the plea

10  agreement?

11          THE DEFENDANT:  Yes, but I have a question.

12          THE COURT:  Ask Ms. Harris first.

13          (Counsel conferred with the defendant.)

14          Mr. Al-Ani, have you had enough time to talk to

15  Ms. Harris about the plea agreement?

16          THE DEFENDANT:  (Indicating yes).

17          THE COURT:  Yes?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Mr. Al-Ani, please listen to the

20  Assistant United States Attorney.  He's going to summarize

21  the terms of the plea agreement.

22          (Counsel conferred.)

23          MR. KAVANAUGH:  Your Honor, if the defendant, Mr.

24  Al-Ani, pleads guilty to the one count in the superseding

25  information, the government will dismiss the indictment and

1   all charges pending against him, and the government agrees

2   that it will not bring any additional charges against him for

3   the conduct in the statement of offense.

4          THE COURT: Mr. Kavanaugh, is that in the plea

5   agreement?

6          MR. KAVANAUGH:  That is word-for-word in the plea

7   agreement.

8          MS. HARRIS: Paragraph 3(a)(1) on page one.

9          MR. KAVANAUGH:  Your Honor, there are two guideline

10  stipulations as well in which the government agrees that the

11  base offense level is governed by 2L1.1(A)(3), resulting in a

12  base offense level of 12, and that's reduced by three because

13  the offense to which he's pleading guilty was committed other

14  than for profit.

15         THE COURT:  Of course, the plea agreement notes that

16  Count 1 of the superseding indictment charges Mr. Al-Ani with

17  encouraging or inducing an illegal alien to come to the

18  United States.

19         MR. KAVANAUGH:  And Your Honor, I'll note for the

20  record that the plea agreement is 12 pages and contains

21  further promises as well by both parties that were made, but

22  those are the material terms for today.

23         I'm happy to go through those more if Your Honor

24  would like.

25         THE COURT:  I think it may be helpful to go through,

1    not every single term, but really, the salient terms.

2            MR. KAVANAUGH:  Yes, Your Honor.

3            THE COURT:  Which is the maximum penalties and so

4    forth.

5            MR. KAVANAUGH:  Yes.

6            The maximum penalty for this offense is five years of

7    imprisonment and a $250,000 fine.  However, the government

8    also wishes to note that the government has agreed that the

9    sentencing guidelines apply in this case and the parties

10   agree that the defendant will face a guideline range of 0 to

11   6 months.

12           Additionally, the government agrees that the Court

13   will grant a two-level reduction in his offense level for his

14   plea of guilty.

15           Your Honor, the defendant also agrees to waive his

16   right to appeal unless it's an illegal sentence that he

17   ultimately receives.

18           THE COURT:  Does the plea agreement -- is there an

19   agreement in the plea agreement that the government agrees to

20   a sentence within the guidelines?

21           MR. KAVANAUGH:  There is not, Your Honor.

22           THE COURT:  But is that an oral promise that you're

23   making today or is there no promise on that?

24           MR. KAVANAUGH:  There is no promise with respect to

25   that.

```
 1          MS. HARRIS: Your Honor, it may be worth noting that

 2     because of the sort of unusual posture of the case, the

 3     pre-sentence report has already been prepared.  So we are

 4     aware that the guidelines have been prepared and recommend a

 5     sentence of 0 to 6 months, and we've discussed that with Mr.

 6     Al-Ani.

 7          THE COURT:  Thank you, Ms. Harris.  I think it is

 8     important that that's on the record.  I will go over that in

 9     a bit more detail.

10          (Counsel conferred.)

11          MR. KAVANAUGH:  And Your Honor, I will go ahead, and

12     although the plea agreement does not contemplate a promise by

13     the government about the sentence that he will receive, I

14     have had conversations with Ms. Harris about the sentence

15     that the government anticipates and the government has agreed

16     that it will not ask for a sentence greater than six months

17     at the time of sentencing.

18          The last thing I want to mention, Your Honor, is that

19     the plea also includes a waiver of a right to collaterally

20     attack any order issued in this matter unless based upon

21     ineffective assistance of counsel.

22          THE COURT:  Thank you, Mr. Kavanaugh.

23          Mr. Al-Ani, are those some of the terms in the plea

24     agreement, as you understand it?

25          THE DEFENDANT:  Yes.
```

THE COURT:  Did you hear anything in the Assistant
United States Attorney's summary of the plea agreement that
you didn't understand or that you didn't realize was in the
plea agreement?

THE DEFENDANT:  No.

THE COURT:  Ms. Harris, is there anything that you
would add to that summary?

MS. HARRIS:   No, Your Honor.

(Counsel conferred with the defendant.)

THE COURT:  Mr. Al-Ani, by pleading guilty, you are,
of course, admitting that you're guilty of a criminal
offense.  Now, if your plea is accepted and you are found
guilty of the offense, you would not later be able to
challenge on appeal --

MS. HARRIS:  May we have a moment?

THE COURT:  Sure.

(The defendant conferred with counsel.)

Mr. Al-Ani, you would not be able to challenge on
appeal any non-jurisdictional defect in the case that may
have occurred prior to your guilty plea or challenge on
appeal the Court's finding that you were guilty, except in
very narrow circumstances, such as an instance of double
jeopardy.

Do you understand that?

THE DEFENDANT:  Yes.

1          THE COURT:  Do you understand under the plea

2    agreement you waive or give up your right to challenge your

3    plea or sentence except --

4          THE DEFENDANT:  Yes.

5          THE COURT:  -- except as to matters that cannot be

6    waived under the law? Do you understand that?

7          THE DEFENDANT:  Okay.

8          THE COURT:  So --

9          (The defendant conferred with counsel.)

10          Mr. Al-Ani, I know there's a lot that you want to say

11    and that you want to be said in your case.  The purpose of

12    this hearing, though, is for me to ask you questions about

13    whether you want to plead guilty and the terms of the plea

14    agreement --

15          THE DEFENDANT:  Okay.

16          THE COURT:  -- and ensure that you understand your

17    rights and the consequences of your guilty plea.

18          THE DEFENDANT:  Okay.

19          THE COURT:  And then to recommend to the district

20    judge whether to accept your guilty plea.

21          THE DEFENDANT:  Uh-huh.

22          THE COURT:  I am not sentencing you.  I don't have

23    any role in that.

24          Do you understand that?

25          THE DEFENDANT:  Yes.

THE COURT:  Mr. Al-Ani, do you understand that under the plea agreement, you waive or give up your right to file a collateral attack?

THE DEFENDANT:  Uh-huh.

THE COURT:  Meaning that in the future, you could not try to challenge your conviction or sentence except as to matters that cannot be waived under the law or a claim of ineffective assistance of counsel.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Al-Ani, has anyone made any promises to you other than those made in the plea agreement or made here in open court today that caused you to want to plead guilty?

THE DEFENDANT:  No, nothing.

THE COURT:  Has anyone threatened you or in any way attempted to force you to plead guilty?

THE DEFENDANT:  Nothing, no.

THE COURT:  Do you understand that the charge to which you are pleading is a felony? If your plea is accepted, you will be found guilty of the charge and that finding of guilt could deprive you of valuable civil rights, such as the right to vote, to serve on a jury, to hold public office or to possess a firearm.

THE DEFENDANT:  Okay.

1          THE COURT:  Do you understand that?

2          THE DEFENDANT:  Sure.

3          THE COURT:  Now, the maximum possible penalty for the

4   offense is a term of imprisonment of up to five years, a fine

5   of up to $250,000 and a special assessment of $100.

6          In addition, there could be a period of supervised

7   release of up to three years after imprisonment.  Supervised

8   release does not reduce the stated term of imprisonment, but

9   rather, is a term of supervision following and in addition to

10  the term of imprisonment.

11         If there is a violation of a condition of supervised

12  release, the Court could impose additional prison time

13  regardless of how much time was served before that violation.

14  There could also be an additional term of supervision imposed

15  after serving any term of imprisonment for violating the

16  conditions of supervised release.

17         Do you understand that?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Mr. Al-Ani, if a term of supervised

20  release is imposed, that could -- the conditions would limit

21  your liberty.

22         Do you understand that?

23         THE DEFENDANT:  Yes.

24         THE COURT:  The Court could require you to forfeit

25  certain property to the government.

1           Do you understand that?

2           THE DEFENDANT:  I have nothing.

3           THE COURT:  But do you understand that that's a

4   possibility, that you could be required to forfeit property?

5           THE DEFENDANT: Uh-huh.

6           THE COURT:  Yes?

7           MS. HARRIS: You have to answer out loud.

8           THE DEFENDANT:  Yes.

9           THE COURT:  The Court also could order you to pay

10  restitution to any victim of your offense, if there are any

11  victims.

12          Do you understand that?

13          (Counsel conferred with the defendant.)

14          THE DEFENDANT:  Yes.

15          THE COURT:  You understand that restitution could be

16  ordered in the case.

17          THE DEFENDANT:  Yes.

18          THE COURT:  Mr. Al-Ani, if you were convicted and you

19  are not a United States citizen, you could be removed from

20  the United States --

21          THE DEFENDANT:  Yes.

22          THE COURT:  -- denied citizenship and denied future

23  entry into the United States.

24          Do you understand that?

25          (The defendant conferred with counsel.)

```
 1              THE DEFENDANT:  Okay.

 2              THE COURT:  Do you understand that?

 3              THE DEFENDANT:  Sure.

 4              THE COURT:  Now, Mr. Al-Ani, these are all the

 5    possible consequences of your guilty plea.  Do you understand

 6    those consequences?

 7              THE DEFENDANT:  Yes.

 8              THE COURT:  Mr. Al-Ani, your case is covered by the

 9    Sentencing Guidelines.  Have you and your attorney,

10    Ms. Harris, talked about how the Sentencing Guidelines may

11    apply to your case?

12              THE DEFENDANT:  Yes.

13              THE COURT:  Do you understand that while the

14    Sentencing Guidelines are not binding, the Court must

15    consider those guidelines --

16              THE DEFENDANT:  Yes.

17              THE COURT:  -- as well as other factors in

18    determining your sentence?

19              THE DEFENDANT:  Such as?

20              THE COURT:  I'll tell you those factors right now.

21    That's a good question.

22              Those factors include the nature and circumstances of

23    the offense; the history and characteristics of the

24    defendant; the need for the sentence to reflect the

25    seriousness of the offense, to promote respect for the law,
```

1  provide just punishment, afford adequate deterrence, protect

2  the public from further crimes and afford rehabilitative and

3  correctional treatment; as well as the need to avoid

4  unwarranted sentencing disparities; and the need to provide

5  restitution.

6          Do you understand that those are the factors the

7  district judge will have to consider when choosing an

8  appropriate sentence in your case?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Do you understand that under the

11  Sentencing Guidelines, there will be a range of punishment

12  and a fine in your case?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Do you understand that?

15         THE DEFENDANT:  Yes.

16         THE COURT:  In this case, the procedural posture is a

17  little bit strange because a pre-sentence report has already

18  been prepared in the case, as I understand it.

19         THE DEFENDANT:  Uh-huh.

20         THE COURT:  Is that correct?

21         THE DEFENDANT:  Yes.

22         THE COURT:  I'm sure that you've gone over the

23  pre-sentence report with Ms. Harris; right?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Objections have been filed and the

1    probation officer has addressed those objections in the

2    pre-sentence report; is that right?

3            THE DEFENDANT:  Yes.

4            THE COURT:  So you're fully aware of what the

5    guidelines range is for imprisonment and fine, as listed in

6    the presentencing investigation report.

7            THE DEFENDANT:  Yes.

8            THE COURT:  But do you understand that that range of

9    imprisonment and fine under the guidelines is not final until

10    a sentencing hearing and the district judge determines what

11    the guidelines are in the case?

12            THE DEFENDANT:  Yes.

13            THE COURT:  So ultimately, it will be the district

14    judge who decides what the guidelines range is.

15            Do you understand that?

16            THE DEFENDANT:  Yes.

17            THE COURT:  And at this point, the district judge has

18    not made that determination.

19            THE DEFENDANT:  Yes.

20            THE COURT:  Do you also understand that the district

21    judge has the authority to impose a sentence that is

22    different than what is in the Sentencing Guidelines?

23            THE DEFENDANT:  Yes.

24            THE COURT:  Do you understand that under some

25    circumstances, the government has the right to appeal the

1  sentence that the district judge imposes?

2         THE DEFENDANT:  Yes.

3         THE COURT:  Do you also understand that parole has

4  been abolished and if you're sentenced to prison, you'll

5  serve the full term, less any good-time credit earned?

6         THE DEFENDANT:  Okay.

7         THE COURT:  Now, the sentence that the district judge

8  ultimately imposes may be different from any estimate that

9  your attorney has given you.

10        Do you understand that?

11        THE DEFENDANT:  Yes.

12        THE COURT:  Here today, the United States or the

13 Assistant United States Attorney has said that the government

14 will not ask for a sentence above six months in this case.

15        THE DEFENDANT:  Uh-huh.

16        THE COURT:  But do you understand that the district

17 judge who will sentence you is not bound by that

18 recommendation?

19        THE DEFENDANT:  Yes.

20        THE COURT:  And that if the district judge sentenced

21 you to or imposed a sentence that was above that recommended

22 by the United States Attorney that you would not be able to

23 withdraw your guilty plea.

24        Do you understand that?

25        THE DEFENDANT:  Yes.

1    THE COURT:  You would still be bound by your plea of

2    guilty.

3    THE DEFENDANT:  (Indicating yes.)  Yes.

4    THE COURT:  Mr. Al-Ani, please listen to the rights

5    that you give up when you plead guilty.  I'm going to tell

6    you those rights.

7    You have a right to plead not guilty to any offense

8    charged against you and to persist in that plea.  You would

9    then have the right to trial by jury.  At that trial, you

10   would be presumed innocent.  The government would have to

11   prove your guilt beyond a reasonable doubt.

12   You would have the right to the assistance of counsel

13   in your defense; the right to see and hear all witnesses and

14   to have them cross-examined in your defense.  You'd have the

15   right to compel the attendance of witnesses to testify in

16   your defense and the right on your part to decline to testify

17   unless you voluntarily elected to do so in your own defense.

18   Should you decide not to testify or not to put on any

19   evidence, those facts could not be used against you.

20   Do you understand all of those rights?

21   THE DEFENDANT:  Yes.

22   THE COURT:  Do you further understand that by

23   entering a plea of guilty, if that plea is accepted by the

24   Court, there will be no trial and you will have waived or

25   given up your right to trial, as well as those other rights

1    associated with a trial that I have just described?

2        Do you understand that?

3        THE DEFENDANT:  Yes.

4        THE COURT:  Mr. Al-Ani, you're proposing to plead

5    guilty to the charge of encouraging an alien to come to the

6    United States in knowing or reckless disregard that the entry

7    into the United States is in violation of the law.

8        Do you understand that's the charge that you're

9    proposing to plead guilty to?

10       THE DEFENDANT:  Yes.

11       THE COURT:  Mr. Kavanaugh, would you please state the

12    elements of the offense?

13       MR. KAVANAUGH:  Yes, Your Honor.

14       The elements of the offense are twofold.  First, that

15    the defendant encouraged or induced an alien to come to,

16    enter or reside in the United States, in violation of law;

17    and second, that the defendant did so knowingly or in

18    reckless disregard of the fact that the alien coming to,

19    entering or residing in the United States is or will be in

20    violation of the law.

21       THE COURT:  Mr. Al-Ani, do you understand what the

22    government would have to prove to show that you're guilty of

23    the charged offense?

24       (The defendant conferred with counsel.)

25       Mr. Al-Ani, did you hear the Assistant United States

1    Attorney say what the elements of the offense are?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Do you understand what the government

4    would have to prove to show that you're guilty of this

5    offense?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Mr. Kavanaugh, is there a written

8    statement of facts in the case?

9           MR. KAVANAUGH:  Yes, there is, Your Honor.

10          MS. HARRIS:   And --

11          THE COURT:  Ms. Harris, do you have that?

12          MS. HARRIS:  I do have that, and if I can give a

13   little bit of information before you get into this.

14          So this is a summary of the evidence that the

15   government would present had this matter gone to trial.  It's

16   signed by Mr. Kavanaugh.  It's not signed by myself or Mr.

17   Al-Ani.

18          Paragraphs 3 through 5 are the paragraphs that are

19   relevant -- that support the charge that Mr. Al-Ani is

20   pleading guilty to in the superseding information.  The

21   remainder of the summary relates to the -- really, to the

22   original indictment charge that's going to be dismissed.

23          In the plea agreement, the government specifically

24   agrees it will not bring additional charges against Mr.

25   Al-Ani for conduct included in the statement of facts.  So

1   that pertains to this information that's on page two,

2   primarily.

3         Early on in the hearing, this is the page that Mr.

4   Al-Ani pulled out and that he was concerned about and he was

5   asking about the charge that was to be dismissed.  The second

6   page of the summary really relates to the charge being

7   dismissed.  So Mr. Al-Ani has had some concerns about that.

8         I just wanted to sort of clear that up and bring that

9   to the Court's attention.

10        I'll pass up the original statement of facts and the

11  original plea agreement at this time.  I've got copies of

12  both for Mr. Al-Ani here.

13        I guess I would further say we've gone over the whole

14  thing with Mr. Al-Ani, with the assistance of an interpreter.

15  Mr. Al-Ani agrees that paragraphs 3 through 5 provide the

16  factual basis to support the plea to the superseding

17  information charge.

18        THE COURT:  Mr. Kavanaugh, any comments?

19        MR. KAVANAUGH:  No, Your Honor.

20        THE COURT:  Mr. Al-Ani, did you read or have read to

21  you this statement of facts that is there in front of you at

22  the counsel table?

23        THE DEFENDANT:  Yes.

24        THE COURT:  Did you discuss it with Ms. Harris?

25        THE DEFENDANT:  Number one or number two?

1          THE COURT:  Did you discuss that whole document with

2     Ms. Harris and what it says?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Now, Ms. Harris said that paragraphs 3

5     through 5 of that document, that you do not disagree with or

6     contest those facts.

7          THE DEFENDANT: Uh-huh, yes.

8          THE COURT:  That's correct?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Do you agree that paragraphs 3 through 5

11     of that statement accurately state what happened in this

12     case? Or what you did?

13          (Counsel conferred with the defendant.)

14          I'm going to ask the interpreter to read paragraphs 3

15     through 5 of the statement to Mr. Al-Ani, please.

16          (Interpreter conferred with the defendant.)

17          MS. HARRIS: May I have just one moment?

18          THE COURT:  Sure.

19          (Counsel conferred with the defendant).

20          Mr. Al-Ani, please listen to the interpreter.  He's

21     going to read those three paragraphs to you.

22          (Said document read to defendant.)

23          THE DEFENDANT:  Yes.

24          THE COURT:  Mr. Al-Ani, did the interpreter just read

25     to you paragraphs 3, 4 and 5 of that statement of facts?

```
 1          THE INTERPRETER:  We didn't read five yet.  I am
 2  going to read it now.
 3          THE COURT:  Go ahead and finish with that, please.
 4          (Interpreter read said form.)
 5          THE DEFENDANT:  Yes.
 6          THE COURT:  Mr. Al-Ani, did the interpreter read
 7  paragraphs 3, 4 and 5 of the statement of facts to you?
 8          THE DEFENDANT:  Yes.
 9          THE COURT:  Do you agree that those facts accurately
10  state what happened in this case, what you did?
11          (The defendant conferred with counsel.)
12          THE DEFENDANT:  Yes.
13          THE COURT:  Mr. Al-Ani, are the facts in those three
14  paragraphs of the statement of facts accurate?
15          THE DEFENDANT:  Yes.
16          THE COURT:  Is that what you did?
17          THE DEFENDANT:  Yes.
18          THE COURT:  Mr. Al-Ani, are you pleading guilty to
19  the one charge in the superseding information because you
20  are, in fact, guilty?
21          THE DEFENDANT:  Yes.
22          THE COURT:  Do you want your case to be resolved by a
23  guilty plea?
24          THE DEFENDANT:  Okay, okay.
25          THE COURT:  Yes?
```

1          THE DEFENDANT:  Yes, yes.

2          THE COURT:  Ms. Harris, with your knowledge of the

3    case, do you think that Mr. Al-Ani's plea is well-advised?

4          MS. HARRIS:  Yes.

5          THE COURT: Mr. Al-Ani, do you have any questions for

6    Ms. Harris before I ask how you plead to the charge?

7          (The defendant conferred with counsel.)

8          MS. HARRIS: Mr. Al-Ani would like me to let you know

9    there are some additional facts and some additional

10   information I think that may provide some mitigation that we

11   will present to the district court judge at the time of

12   sentencing. I've tried to explain that this hearing isn't the

13   time for that.

14         THE COURT:  Mr. Al-Ani, the sentencing hearing would

15   be the time to present additional information about you or to

16   explain your circumstances.

17         THE DEFENDANT:  Okay.

18         THE COURT:  Mr. Al-Ani, do you have any additional

19   questions for Ms. Harris before I ask how you plead to the

20   charge?

21         (The defendant conferred with the counsel.)

22         Any questions for Ms. Harris?

23         THE DEFENDANT:  Nothing.

24         THE COURT:  Mr. Al-Ani, as to Count 1 of the

25   superseding information, that you did knowingly encourage and

induce an alien to enter the United States knowingly or in

reckless disregard to the fact that that entry to the United

States was in violation of the law, how do you plead; guilty

or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  Then I'd ask you --

(The defendant conferred with counsel.)

Mr. Al-Ani, I'd ask you to please listen to the

clerk.

(Guilty plea form read.)

THE CLERK:  Is this correct?

THE DEFENDANT:  Okay.

(Said guilty plea form executed.)

THE COURT:  It's the finding of the Court in the case

of United States vs. Ahmed Thamer Darweesh Al-Ani that the

defendant is fully competent and capable of entering an

informed plea; that the defendant is aware of the nature of

the charges and the consequences of the plea; and that the

plea of guilty is a knowing and voluntary plea supported by

an independent basis in fact as to each of the essential

elements of the offense.

I will recommend to the presiding district court

judge that he accept your plea and adjudge you guilty of that

offense.

We have a date for sentence of November 18th; is that

1   correct?

2           THE CLERK:  Yes, Your Honor; 3 o'clock p.m.

3           THE COURT:  That's in front of Chief Judge Conrad.

4           Mr. Al-Ani has been detained up to this point.  Is

5   there any request for a change?

6           MS. HARRIS: No, Your Honor.

7           THE COURT:  Is there anything further that we need to

8   take up, Mr. Kavanaugh?

9           MR. KAVANAUGH:  No, Your Honor.

10          THE COURT:  Ms. Harris, anything further?

11          MS. HARRIS: No.

12          Here are the original documents (handing).

13          THE COURT:  Thank you.

14          Then I'd ask the marshal to declare court adjourned.

15

16

17  "I certify that the foregoing is a correct transcript from

18  the record of proceedings in the above-entitled matter.

19

20

21  /s/ Sonia Ferris                    November 17, 2016"

22

23

24

25