IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:16-cr-00018 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| AHMED THAMER DARWEESH AL-ANI, | ) | |
| Defendant. | ) | By:    Joel C. Hoppe |
| | ) |          United States Magistrate Judge |

The presiding District Judge, Chief Judge Glen E. Conrad, referred this case to the

undersigned Magistrate Judge for the purpose of conducting a felony guilty plea hearing. After

holding a Rule 11 hearing, I recommended that Judge Conrad accept Defendant Ahmed Thamer

Darweesh Al-Ani's guilty plea. Subsequently, Al-Ani filed two pro se motions to withdraw his

guilty plea, a result the Government opposes. Attorneys for the Government and Al-Ani have

filed briefs addressing whether Al-Ani may withdraw his guilty plea, and the matter is ripe for

decision. Finding that Al-Ani has an absolute right to withdraw his unaccepted guilty plea, I will

grant his motions.

## I. Background

On October 20, 2016, the undersigned Magistrate Judge conducted a guilty plea hearing

during which Al-Ani pleaded guilty to the offense of encouraging or inducing an illegal alien to

come to the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), as alleged in Count One

of the Superseding Information. The following day, I issued a written Report and

Recommendation in which I found that Al-Ani had entered a valid guilty plea, and I

recommended that Judge Conrad accept his guilty plea. ECF No. 36. Before Judge Conrad acted

on the Report and Recommendation, the Defendant, acting pro se, filed two motions to withdraw

his guilty plea. ECF Nos. 38, 40. On November 7, the undersigned Magistrate Judge held a

hearing on these motions.[1] The Defendant was present with his counsel and an interpreter, as was counsel for the Government.

The hearing began with defense counsel explaining some of Al-Ani's concerns with his guilty plea and the basis for his motions to withdraw his guilty plea. Counsel stated that Al-Ani wanted to be sure that the presiding District Judge knew the Government had agreed to dismiss the charge brought in the Indictment, as the plea agreement stated, and he was concerned that the presiding District Judge was not bound by the Government's agreement to recommend that Al-Ani receive a sentence of no more than six months' imprisonment. Counsel also stated that Al-Ani still agreed that the offense conduct listed in Paragraphs 3 through 5 of the Statement of Facts, ECF No. 34, was correct.

After hearing from Al-Ani's counsel, I advised the Defendant that the decision to plead guilty or proceed to trial was his alone to make and that before his guilty plea was accepted he could withdraw it for any reason. I also discussed the contents of the plea agreement, specifically the Government's agreement to dismiss the charge in the Indictment and to recommend a sentence of six months. Reiterating my admonition from the previous guilty plea hearing, I advised the Defendant that the Government's sentencing recommendation was not binding on the presiding District Judge. During this discussion and without prompting from the Court, Al-Ani stated, "I am no guilty because no take any message to Firas. This is right but because zero to six months, I am guilty. Zero to six months, I am guilty, but not because message." Hearing Record 10:23:25–10:23:41. Later in the hearing, Al-Ani again stated that he had pleaded guilty because he expected a sentence of zero to six months, but he would not affirm that he was in fact guilty of the charge, *id.* 10:55:05–10:56:08, and he said that the facts in Paragraphs 3 through 5 of the

---

[1] This hearing was recorded by the Court's FTR system.

Statement of Facts were not true, *id.* 10:58:02–10:58:54. Ultimately, on advice of counsel, Al-Ani refused to say whether he agreed or disagreed with the Statement of Facts. Near the conclusion of the hearing, I asked Al-Ani whether he desired to withdraw his guilty plea. Al-Ani responded that he did "not want to withdraw [his] guilty plea." *Id.* 11:04:34–11:04:38.

## II. Analysis

The Government opposes the Defendant's motion to withdraw his guilty plea, arguing that once a guilty plea has been accepted by the court, a defendant may withdraw it only upon a showing of a fair and just reason. Fed. R. Crim. P. 11(d)(2)(B). As it goes, this is a correct statement of the law, but that standard does not govern the situation presented here. Judge Conrad referred this case to the undersigned Magistrate Judge to conduct a Rule 11 hearing and submit a report and recommendation "as to acceptance of such plea." ECF No. 25. I stayed within the scope of the referral order and merely recommended acceptance of, rather than actually accepted, Al-Ani's guilty plea. ECF No. 36 at 3. Thus, this case is distinguishable from *United States v. Benton*, 523 F.3d 424 (4th Cir. 2008), which the Government relies on, as the magistrate judge in that case not only conducted the guilty plea hearing, but also accepted the defendant's guilty plea before he attempted to withdraw it, *id.* at 426–27, 433.

Because Judge Conrad has not yet accepted the defendant's guilty plea, the applicable standard provides that Al-Ani may withdraw his plea for "any reason or no reason," Fed. R. Crim. P. 11(d)(1), and he has an "absolute right" to do so. *United States v. Mendez-Santana*, 645 F.3d 822, 827 (6th Cir. 2011) (noting agreement with *United States v. Arami*, 536 F.3d 479, 482–83 (5th Cir. 2008); *United States v. Jones*, 472 F.3d 905, 908 (D.C. Cir. 2007); *United States v. Head*, 340 F.3d 628, 629–31 (8th Cir. 2003)). "Rule 11(d)(1) is clear as a bell: it renders a

district court powerless to deny a plea-withdrawal motion when the motion is made before the plea has been accepted." *United States v. Davila-Ruiz*, 790 F.3d 249, 252 (1st Cir. 2015).

The purpose of the hearing on November 7 was to ascertain whether Al-Ani intented to withdraw his plea, as he had stated in his pro se motions. Considering Al-Ani's statement at the hearing that he did "not want to withdraw [his] guilty plea," his intent to follow through on his motions to withdraw was not clear. Subsequent to that hearing, however, his counsel filed a brief supporting Al-Ani's motions. ECF No. 53. Counsel's request to allow Al-Ani to withdraw his guilty plea is sufficient corroboration of her client's intent. Because Al-Ani has an absolute right to withdraw his guilty plea before it has been accepted his motions must be granted.[2]

### III. Conclusion and Order

Accordingly, the Defendant's motions to withdraw his guilty plea, ECF Nos. 38, 40, are hereby GRANTED. Additionally, the undersigned Magistrate Judge's Report and Recommendation, ECF No. 36, is hereby RESCINDED.

The Clerk shall set this matter for trial before the presiding district judge.

It is so ORDERED.

ENTER: November 30, 2016

Joel C. Hoppe
United States Magistrate Judge

---

[2] During the November 7 hearing, Al-Ani disputed the Statement of Facts submitted in support of his guilty plea. Subsequent to that hearing, he filed, pro se, two letters suggesting that he disagrees with the Statement of Facts. In his statements to the Court at the November 7 hearing and in his letters, Al-Ani has undermined the factual basis for his plea. Thus, even if Al-Ani had not followed through on his motion to withdraw, I could no longer recommend that the presiding district judge accept his guilty plea.