IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  Docket. No. 3:16cr18

AHMED THAMAR DARWEESH AL-ANI

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
TO CERTIFY CASE AS COMPLEX UNDER THE SPEEDY TRIAL ACT

The government's motion to certify this case as "complex" under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), should be denied. Additional delay in this case would violate Mr. Al-Ani's statutory and constitutional rights to a speedy trial, and the government has not shown that his case is so unusual or complex that that it would be unreasonable to require that the trial take place within the default Speedy Trial Act timeline.

1. **The government has failed to show that this case is so unusual or complex as to warrant a continuance under the Speedy Trial Act**

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, provides that certain periods of delay are excluded when computing the time within which a trial must take place, including continuances granted because a case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law" that it is unreasonable to require that trial take place within the time limits established by the statute. 18 U.S.C. § 3161(h)(7)(B)(ii). In support of its motion to certify this case as complex, the government argues that it anticipates invoking the procedures of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3 §§ 1-16, although it has not fully identified the classified information at issue

1

here.[1] The mere potential that classified information may be used in a case, without more, is not sufficient to warrant a continuance under the Speedy Trial Act.

A continuance for a "complex" case provides a narrow exception to the Speedy Trial Act that must be reasonably related to the actual needs of the case and should be of limited duration rather than an open-ended grant of additional time, absent extraordinary circumstances. *United States v. LoFranco*, 818 F.2d 276, 277 (2d Cir. 1987); *United States v. Jones,* 56 F.3d 581, 585-86 (5th Cir. 1995). *See United States v. Clymer*, 25 F.3d 824, 828 (9th Cir. 1994) (holding that a district court may grant an "ends of justice" continuance under the Speedy Trial Act only where (1) the continuance is specifically limited in time, and (2) it is justified on the record with reference to the facts as of the time the delay is ordered). Courts must give "careful consideration when balancing the need for delay against 'the interest of the defendant and of society in achieving a speedy trial,' " *United States v. Brooks*, 697 F.2d 517, 520 (3rd Cir. 1982), and must articulate their "ends of justice" findings. *United States v. Saltzman*, 984 F.2d 1087, 1090-91 (10th Cir. 1993).

Courts have generally certified cases as "complex" under the Speedy Trial Act where they include multiple defendants and implicate complicated legal or logistical issues. *See, e.g., United States v. Reavis*, 48 F.3d 763, 770-71 (4th Cir 1995) (considering the existence of "six defendants, eight attorneys, a thirty-three count indictment, and the possibility of prosecution under a seldom-used federal death penalty statute," and affirming the district court's grant of a continuance); *United States v. Thomas*, 774 F.2d 807, 810 (7th Cir. 1985) (finding no abuse of discretion where the district court granted an "ends of justice" continuance in a fraud case involving six defendants and thousands of pages of financial documents); *United States v.*

---

[1] The government also refers generally to "the particular nature of the prosecution and the existence of novel questions of fact and law" (Dkt. No. 56) in support of its motion, but it cites no examples other than the possible use of classified information.

*Bernacett Cosme*, 127 F. Supp. 2d 271, 271 (D.P.R. 2001) (finding that complicated investigations involving DNA analysis of hair and blood samples, as well as the government's potentially seeking the death penalty, made this a complex case). The instant case presents no such complications.

The government relies on a trio of cases for its argument that cases implicating the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3 §§ 1-16[2], are necessarily "complex:" *United States v. Salad*, 779 F. Supp. 2d 509 (E.D. Va. 2011); *United States v. Hasan*, No. 2:10cr56, 2010 WL 9089148 (E.D. Va. May 21, 2010); and *United States v. Warsame*, Crim. No. 04-29, 2007 WL 748281 (D. Mn. Mar. 8, 2007). None of these cases supports the proposition, however, that a case should be considered "complex" under the Speedy Trial Act based solely on the possibility that the case may involve classified information. In *United States v. Salad*, 779 F. Supp. 2d 509 (E.D. Va. 2011), a piracy case, there were fourteen Somali defendants; all of the witnesses were U.S. Navy personnel, some of whom were deployed; and both the government and the defense would need Somali interpreters, which would make the trial preparation process more time consuming. While the court also considered the potential use of classified information and the time-consuming requirements of the CIPA in making its determination, they were one factor among many, and the court noted that "the mere possibility of the involvement of classified information in a case might not suffice, by itself, to justify a continuance beyond the Act's time period." *Id.* at 514.

Similarly, *United States v. Hasan*, 2010 WL 9089148, (E.D. Va. May 21, 2010), involved five Somali nationals accused of piracy; potential witnesses were aboard a U.S Navy vessel,

---

[2] The Classified Information Procedures Act (CIPA), 18 USC. App. 3 §§ 1-16, provides for certain specific procedures when information that government determines to be classified may be involved in the prosecution, including a specific pretrial conference, *id.* at § 2, issuance of protective orders, *id.* at § 3, limitations on discovery, *id.* at § 4, as well as a special hearing and *in camera* review process, *id.* at § 6.

which could cause logistical problems; the case might involve classified information implicating CIPA procedures; defense counsel had indicated an intention to raise novel legal challenges to the piracy charges; and Somali interpreters would be necessary. *Id.* at *1. The court considered all of these factors in determining a continuance should be granted, without attaching any particular weight to any single factor. *Id.*

In both of these cases, the potential use of CIPA procedures was only one factor the courts considered in cases that were otherwise logistically and legally complex even without the use of confidential information. In contrast, Mr. Al-Ani's is a single-defendant case, without novel questions of law, maritime or piracy issues, or numerous government witnesses deployed overseas.

*United States v. Warsame*, 2007 WL 748281 (D. Mn. Mar. 8, 2007), is also distinguishable. *Warsame* was a single-defendant case alleging a conspiracy to provide material support and resources to a foreign terrorist organization, providing material support and resources to a foreign terrorist organization, and making false statements. Soon after the defendant's arrest, the government raised the possibility that CIPA procedures would be implicated and moved for the first of several continuances. *Id.* at *1. Although the court primarily relied on the time-consuming requirements of CIPA in granting the continuances, it also noted that other aspects of the case justified delay, including the terrorism allegations and their attendant complexities, the use of evidence obtained under the Foreign Intelligence Surveillance Act (FISA), and constitutional challenges to FISA and the material support statute, as well as attorney changes. *Id.* at *4. *Warsame* is inapposite to Mr. Al-Ani's case; here, there is no allegation that Mr. Al-Ani provided material support or resources to terrorist organizations, or that national security concerns will necessarily be implicated by his case. His case as currently

charged[3] has no substantial nexus to national security at all, and thus it is far from clear what role, if any, classified information will have in his case.

Given the material differences between Mr. Al-Ani's case and other cases certified as complex, the government has not shown that the mere possibility that classified information will be involved in this case suffices to certify it as complex under the Speedy Trial Act. Under *United States v. Clymer*, an ends of justice continuance must be justified on the record with reference to the facts as of the time the delay is ordered. 25 F.3d at 828. The government has provided the Court with no factual basis upon which to make its decision. Without any description of the classified information it anticipates using or even of an anticipated timeline for review and production, the government's motion amounts to an open-ended request for continuance, and this Court lacks the factual basis to make the required "ends of justice" findings under the Speedy Trial Act. For these reasons, the government's motion to certify this case as complex should be denied.

### 2. Additional delay in Mr. Al-Ani's case will impinge on his Six Amendment right to a speedy trial

The Speedy Trial Act gives effect to, but does not entirely displace, the Sixth Amendment right to a speedy trial. *United States v. Fox*, 788 F.2d 905, 909 (2d Cir. 1986). In evaluating constitutional speedy trial claims, the Supreme Court has identified some of the factors that courts should assess in determining whether a particular defendant has been deprived of his constitutional right to a speedy trial: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo,* 407 U.S. 514, 530 (1972). These factors figure into "[a] balancing test [that] necessarily compels courts to approach speedy trial cases on an ad hoc basis." *Salad*, 779 F. Supp. 2d at 512.

---

[3] The government has noted that it intends to supersede the current indictment, but until it does, counsel is limited to the allegations before the court.

The first factor, length of delay, is a threshold requirement under which the accused must show that the interval between accusation and trial has crossed the line from "ordinary to presumptively prejudicial delay." *United States v. Woolfolk,* 399 F.3d 590, 597 (4th Cir. 2005). While delay is presumptively prejudicial if it approaches a year, *id.* (citing *Doggett,* 505 U.S. at 652 n. 1), the Fourth Circuit has held that even a delay of eight months was sufficiently prejudicial to meet the threshold *Barker* requirement where the case was not particularly complicated. *Id. Cf. United States v. Cope*, 312 F.3d 757, 777-78 (6th Cir. 2002) (eight month delay, while substantial, was not presumptively prejudicial in a two-defendant, eleven-count case with multiple allegations of attempted murder). While this case has not yet passed the eight month mark, based on the government's motion it appears that the government will ultimately seek a trial date beyond that threshold. Given that, as described above, this case is not a complicated one, substantial delay beyond an eight month threshold raises the possibility of prejudicial delay for Mr. Al-Ani.

For the second factor, the reasons for delay may be characterized as either valid, improper, or neutral. *United States v. Hall*, 551 F.3d 257, 272 (4th Cir. 2009). Here, it is clear that Mr. Al-Ani is responsible for some of the delay in his case, as his counsel requested a continuance of the original trial date, and Mr. Al-Ani's plea negotiations and ultimate withdrawal of his guilty plea consumed further time. At least as of October 28, 2016, however, when it became clear Mr. Al-Ani would seek to withdraw his guilty plea, the government was aware that this case might go to trial, and has had that time at their disposition to prepare. While Mr. Al-Ani does not contend that a trial scheduled within the next few months would violate his constitutional right to speedy trial, the additional substantial delay apparently contemplated by the government is unjustified under the circumstances.

The third factor, a defendant's timely assertion of his speedy trial right, is entitled to strong evidentiary weight in determining whether he is deprived of that right. *Hall*, 551 F.3d at 272 (citing *Barker*, 407 U.S. at 531-32). Mr. Al-Ani has sought one continuance in his case based on the need for an interpreter in communicating with counsel and translation of discovery into Arabic, as well as the possibility that additional discovery was forthcoming (Dkt. No. 20). By requesting one continuance, however, Mr. Al-Ani does not forever waive his right to a speedy trial. *Barker*, 407 U.S. at 529. Since that time, he has filed a *pro se* demand for a speedy trial, as well as this motion, and is thus timely asserting his rights.

With respect to the fourth factor, prejudice to the defendant, courts should consider the interests in particular that the speedy trial right was designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the accused, and limiting the possibility that the defense will be impaired. *Id.* at 532. Despite the facts that Mr. Al-Ani has no criminal record and was in the United States legally at the time of his arrest in June, 2016, he has been held without bond. Given that Mr. Al-Ani has now spent more time in jail than the maximum he would have received under his plea agreement, six months,[4] his trial should not be further postponed simply so that the government can develop its case against him. Given Mr. Al-Ani's unfamiliarity with the U.S. legal system and difficulty communicating in English, his prolonged detention is also a source of anxiety and concern, which will only grow more acute in the face of further delays.

For these reasons, the government's request to certify this case as complex should also be denied on Sixth Amendment grounds.

---

[4] 8 U.S.C. § 1324(a)(2)(B)(ii), with which he is currently charged, involving bringing aliens for financial gain, has a mandatory minimum of 3 years, but if he is found guilty of the charge to which he had earlier pled, 8 U.S.C. § 1324(a)(1)(A)(iv), or of § 1324(a)(2)(A), which does not contain the financial gain element, he would have no mandatory minimum and is at risk of overserving.

**Conclusion**

For the foregoing reasons, Defendant requests that this Court deny the government's motion to designate this cases as a "complex case" under 18 U.S.C. § 3161(h)(7)(B)(ii).

    Respectfully submitted,

    AHMED THAMER DARWEESH AL-ANI
    By Counsel

Counsel:
S/Andrea L. Harris
Asst. Federal Public Defender
VSB 37764
401 E. Market Street, Suite 106
Charlottesville, VA 22902
Tel (434) 220-3387
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

    S/Andrea L. Harris
    Assistant Federal Public Defender